Natalie P. Vance, Bar No. 206708
KLINEDINST PC
801 K Street, Suite 2800
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
nvance@klinedinstlaw.com

Attorney for Defendants
RESURGENT CAPITAL SERVICES, LP;
ALEGIS GROUP, LLC; and LVNV
FUNDING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAN HATAMI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP; ALEGIS GROUP, LLC; and LVNV FUNDING, LLC,<br><br>　　　　Defendants. | Case No.　C08-02330 HRL<br>SAN JOSE DIVISION<br><br>**ANSWER OF DEFENDANT ALEGIS GROUP, LLC**<br><br>Complaint Filed:　May 6, 2008<br>Trial Date:　None set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Alegis Group, LLC ("AGLLC"), as and for its Answer to the Complaint of Iman Hatami ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

I.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.　In response to Paragraph 1 of Plaintiff's Complaint, AGLLC admits that Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"), but denies that it violated any law.

2. In response to Paragraph 2 of Plaintiff's Complaint, AGLLC admits that the referenced statutes reference jurisdiction, but denies that jurisdiction is appropriate as it has violated no law. AGLLC further denies that declaratory relief is available to Plaintiff.

3. In response to Paragraph 3 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

4. In response to Paragraph 4 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

5. In response to Paragraph 5 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6. In response to Paragraph 6 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7. In response to Paragraph 7 of Plaintiff's Complaint, AGLLC states that said paragraph makes no allegations against it and therefore no response is required by AGLLC. To the extent a response is required, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

8. In response to Paragraph 8 of Plaintiff's Complaint, AGLLC, with the exception

of the address listed in regard to service upon it, denies all allegations.

9. In response to Paragraph 9 of Plaintiff's Complaint, AGLLC states that said paragraph makes no allegations against it and therefore no response is required by AGLLC. To the extent a response is required, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

10. In response to Paragraph 10 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

11. In response to Paragraph 11 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

12. In response to Paragraph 12 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

13. In response to Paragraph 13 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

14. In response to Paragraph 14 of Plaintiff's Complaint, AGLLC states that the date on Exhibit 1 is May 7, 2007. AGLLC denies that the letter sought to collect any amount.

15. In response to Paragraph 15 of Plaintiff's Complaint, AGLLC denies all

allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

16. In response to Paragraph 16 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

17. In response to Paragraph 17 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

18. In response to Paragraph 18 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

19. In response to Paragraph 19 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

20. In response to Paragraph 14 of Plaintiff's Complaint, AGLLC states that the date on Exhibit 2 is May 10, 2007. AGLLC denies that the letter sought to collect any amount.

21. In response to Paragraph 21 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

22. In response to Paragraph 22 of Plaintiff's Complaint, AGLLC denies all

allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

23. In response to Paragraph 23 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

24. In response to Paragraph 24 of Plaintiff's Complaint, AGLLC denies all allegations pertaining to it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

25. In response to Paragraph 25 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

26. In response to Paragraph 26 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof. AGLLC further states that there is no indication that the Exhibit 3 was ever mailed to it, indicative of bad faith by Plaintiff.

27. In response to Paragraph 27 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

28. In response to Paragraph 28 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts

Plaintiff to his strictest burden of proof.

29. In response to Paragraph 29 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

30. In response to Paragraph 30 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

31. In response to Paragraph 31 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

32. In response to Paragraph 32 of Plaintiff's Complaint, AGLLC states that the date on Exhibit 5 is October 3, 2007. AGLLC denies that the letter sought to collect any amount.

33. In response to Paragraph 33 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

34. In response to Paragraph 34 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

35. In response to Paragraph 35 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

denies the same and puts Plaintiff to his strictest burden of proof.

36. In response to Paragraph 36 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

37. In response to Paragraph 37 of Plaintiff's Complaint, AGLLC admits that Plaintiff brings this matter alleging violations of the FDCPA, but denies that it violated any law.

38. In response to Paragraph 38 of Plaintiff's Complaint, AGLLC adopts by reference paragraphs 1 through 37 of this Answer.

39. In response to Paragraph 39 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

40. In response to Paragraph 40 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

41. In response to Paragraph 41 of Plaintiff's Complaint, AGLLC denies all allegations against it.

42. In response to Paragraph 42 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

43. In response to Paragraph 43 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

44. In response to Paragraph 44 of Plaintiff's Complaint, and all its subparts, AGLLC

denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

45. In response to Paragraph 45 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

46. In response to Paragraph 46 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

47. In response to Paragraph 47 of Plaintiff's Complaint, AGLLC admits that Plaintiff brings this matter alleging violations of the RFDCPA, but denies that it violated any law.

48. In response to Paragraph 48 of Plaintiff's Complaint, AGLLC adopts by reference paragraphs 1 through 47 of this Answer.

49. In response to Paragraph 49 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

50. In response to Paragraph 50 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

51. In response to Paragraph 51 of Plaintiff's Complaint, AGLLC denies all allegations against it. In response to Paragraph 51 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein

and therefore denies the same and puts Plaintiff to his strictest burden of proof.

52. In response to Paragraph 52 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

53. In response to Paragraph 53 of Plaintiff's Complaint, AGLLC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

54. In response to Paragraph 54 of Plaintiff's Complaint, and all its subparts, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

55. In response to Paragraph 55 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

56. In response to Paragraph 56 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

57. In response to Paragraph 57 of Plaintiff's Complaint, AGLLC denies all allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

58. In response to Paragraph 58 of Plaintiff's Complaint, AGLLC denies all

allegations against it. To all other extents, AGLLC has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

59. In response to Paragraph 59 of Plaintiff's Complaint, AGLLC denies that Plaintiff is entitled to any remedy as it has violated no law.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

AGLLC's actions have not been willful, to the extent that they violate California or federal law, which AGLLC denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which AGLLC denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of AGLLC.

### SIXTH DEFENSE

Plaintiff's action against AGLLC is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiff, which AGLLC denies, is due to the acts or omissions of Plaintiff and/or third parties and AGLLC is not liable for said acts, omissions or alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

### NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff's claims are barred by his lack of standing.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of their contracts with his underlying creditors.

### TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to AGLLC, if made, were privileged communication by interested parties, without malice, to interested persons who

requested the information.

### EIGHTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NINETEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by AGLLC and therefore is not entitled to any award of damages, attorneys' fees or costs.

### TWENTIETH DEFENSE

AGLLC was not a debt collector as defined under California or federal law, in regard to the instant matter.

### TWENTYFIRST DEFENSE

All of AGLLC's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

### TWENTYSECOND DEFENSE

AGLLC may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that AGLLC does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that AGLLC may share some responsibility. AGLLC therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### III.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant AGLLC prays for an order and judgment of this Court in its

ANSWER OF DEFENDANT ALEGIS GROUP, LLC
C08-02330 HRL

favor against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding its reasonable costs and attorneys' fees; and

3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: May 30, 2008

By: /s/ Natalie P. Vance
NATALIE P. VANCE
Attorney for Defendants
RESURGENT CAPITAL SERVICES, LP;
ALEGIS GROUP, LLC; and LVNV
FUNDING, LLC

634270v1