Natalie P. Vance, Bar No. 206708
KLINEDINST PC
801 K Street, Suite 2800
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
nvance@klinedinstlaw.com

Attorney for Defendants
RESURGENT CAPITAL SERVICES, LP;
ALEGIS GROUP, LLC; and LVNV
FUNDING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAN HATAMI,<br><br>    Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, LP; ALEGIS GROUP, LLC; and LVNV FUNDING, LLC,<br><br>    Defendants. | Case No.   C08-02330 HRL<br>SAN JOSE DIVISION<br><br>**ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, LP**<br><br>Complaint Filed:   May 6, 2008<br>Trial Date:   None set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Resurgent Capital Services, LP ("RCSLP"), as and for its Answer to the Complaint of Iman Hatami ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

**I.**

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.    In response to Paragraph 1 of Plaintiff's Complaint, RCSLP admits that Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"), but denies that it violated any law.

2.   In response to Paragraph 2 of Plaintiff's Complaint, RCSLP admits that the referenced statutes reference jurisdiction, but denies that jurisdiction is appropriate as it has violated no law. RCSLP further denies that declaratory relief is available to Plaintiff.

3.   In response to Paragraph 3 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

4.   In response to Paragraph 4 of Plaintiff's Complaint, RCSLP affirmatively states that it corresponded with Plaintiff in this judicial district. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

5.   In response to Paragraph 5 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6.   In response to Paragraph 6 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7.   In response to Paragraph 7 of Plaintiff's Complaint, RCSLP admits the allegations regarding its address and agent for service. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

8.   In response to Paragraph 8 of Plaintiff's Complaint, RCSLP states that said paragraph makes no allegations against it and therefore no response is required by RCSLP. To

the extent a response is required, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

9. In response to Paragraph 9 of Plaintiff's Complaint, RCSLP states that said paragraph makes no allegations against it and therefore no response is required by RCSLP. To the extent a response is required, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

10. In response to Paragraph 10 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

11. In response to Paragraph 11 of Plaintiff's Complaint, RCSLP admits that Plaintiff incurred a debt as described but has insufficient information and knowledge to either admit or deny that the debt incurred was a consumer debt and therefore denies the same and puts Plaintiff to his strictest burden of proof.

12. In response to Paragraph 12 of Plaintiff's Complaint, RCSLP admits that the debt was placed with it for servicing but denies all other allegations.

13. In response to Paragraph 13 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit. Moreover, RCSLP has insufficient information and knowledge to either admit or deny that Exhibit 1 is a communication under the FDCPA and therefore denies the same.

14. In response to Paragraph 14 of Plaintiff's Complaint, RCSLP states that Exhibit 1

speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

15. In response to Paragraph 15 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

16. In response to Paragraph 16 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

17. In response to Paragraph 17 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

18. In response to Paragraph 18 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

19. In response to Paragraph 19 of Plaintiff's Complaint, RCSLP states that Exhibit 2 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit. Moreover, RCSLP has insufficient information and knowledge to either admit or deny that Exhibit 2 is a communication under the FDCPA and therefore denies the same.

20. In response to Paragraph 20 of Plaintiff's Complaint, RCSLP states that Exhibit 2 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

21. In response to Paragraph 21 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

denies the same and puts Plaintiff to his strictest burden of proof.

22. In response to Paragraph 22 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

23. In response to Paragraph 23 of Plaintiff's Complaint, RCSLP states that Exhibit 1 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

24. In response to Paragraph 24 of Plaintiff's Complaint, RCSLP states that Plaintiff's letter speaks for itself.

25. In response to Paragraph 25 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

26. In response to Paragraph 26 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

27. In response to Paragraph 27 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

28. In response to Paragraph 28 of Plaintiff's Complaint, RCSLP admits that it tried to contact Plaintiff, but denies that attempts to collect the debt were made.

29. In response to Paragraph 29 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

30. In response to Paragraph 30 of Plaintiff's Complaint, RCSLP denies all

allegations.

31. In response to Paragraph 31 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

32. In response to Paragraph 32 of Plaintiff's Complaint, RCSLP states that the date on Exhibit 5 is October 3, 2007. RCSLP denies that the letter sought to collect any amount.

33. In response to Paragraph 33 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

34. In response to Paragraph 34 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

35. In response to Paragraph 35 of Plaintiff's Complaint, RCSLP states that Exhibit 5 speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misconstrues said exhibit.

36. In response to Paragraph 36 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

37. In response to Paragraph 37 of Plaintiff's Complaint, RCSLP admits that Plaintiff brings this matter alleging violations of the FDCPA, but denies that it violated any law.

38. In response to Paragraph 38 of Plaintiff's Complaint, RCSLP adopts by reference paragraphs 1 through 37 of this Answer.

39. In response to Paragraph 39 of Plaintiff's Complaint, RCSLP has insufficient

information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

40. In response to Paragraph 40 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

41. In response to Paragraph 41 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

42. In response to Paragraph 42 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

43. In response to Paragraph 43 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

44. In response to Paragraph 44 of Plaintiff's Complaint, and all its subparts, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

45. In response to Paragraph 45 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

46. In response to Paragraph 46 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to

admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

47. In response to Paragraph 47 of Plaintiff's Complaint, RCSLP admits that Plaintiff brings this matter alleging violations of the RFDCPA, but denies that it violated any law.

48. In response to Paragraph 48 of Plaintiff's Complaint, RCSLP adopts by reference paragraphs 1 through 47 of this Answer.

49. In response to Paragraph 49 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

50. In response to Paragraph 50 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

51. In response to Paragraph 51 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

52. In response to Paragraph 52 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

53. In response to Paragraph 53 of Plaintiff's Complaint, RCSLP has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

54. In response to Paragraph 54 of Plaintiff's Complaint, and all its subparts, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and

puts Plaintiff to his strictest burden of proof.

55. In response to Paragraph 55 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

56. In response to Paragraph 56 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

57. In response to Paragraph 57 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

58. In response to Paragraph 58 of Plaintiff's Complaint, RCSLP denies all allegations against it. To all other extents, RCSLP has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

59. In response to Paragraph 59 of Plaintiff's Complaint, RCSLP denies that Plaintiff is entitled to any remedy as it has violated no law.

## II.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

RCSLP's actions have not been willful, to the extent that they violate California or

federal law, which RCSLP denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which RCSLP denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of RCSLP.

### SIXTH DEFENSE

Plaintiff's action against RCSLP is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiff, which RCSLP denies, is due to the acts or omissions of Plaintiff and/or third parties and RCSLP is not liable for said acts, omissions or alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

### NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff's claims are barred by his lack of standing.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of their contracts with his underlying creditors.

### TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to RCSLP, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

### EIGHTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NINETEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by RCSLP and therefore is not entitled to any award of damages, attorneys' fees or costs.

### TWENTIENTH DEFENSE

RCSLP was not a debt collector as defined under California or federal law, in regard to the instant matter.

///

### TWENTYFIRST DEFENSE

All of RCSLP's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

### TWENTYSECOND DEFENSE

RCSLP may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that RCSLP does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that RCSLP may share some responsibility. RCSLP therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Defendant RCSLP prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;
2. Awarding its reasonable costs and attorneys' fees; and
3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: May 30, 2008         By: /s/ Natalie P. Vance
                              NATALIE P. VANCE
                              Attorney for Defendants
                              RESURGENT CAPITAL SERVICES, LP;
                              ALEGIS GROUP, LLC; and LVNV
                              FUNDING, LLC

634267v1