1  Natalie P. Vance, Bar No. 206708
   KLINEDINST PC
2  801 K Street, Suite 2800
   Sacramento, California 95814
3  (916) 444-7573/FAX (916) 444-7544
   nvance@klinedinstlaw.com
4
   Attorneys for Defendants
5  RESURGENT CAPITAL SERVICES, LP;
   ALEGIS GROUP, LLC; and LVNV
6  FUNDING, LLC

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 IMAN HATAMI,                          Case No.   C08-02330 HRL
                                         SAN JOSE DIVISION
11            Plaintiff,
                                         **ANSWER OF DEFENDANT LVNV
12      v.                               FUNDING, LLC**

13 RESURGENT CAPITAL SERVICES,
   LP; ALEGIS GROUP, LLC; and LVNV       Complaint Filed:     May 6, 2008
14 FUNDING, LLC,                         Trial Date:    None set

15            Defendants.

16

17     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

18         Defendant LVNV Funding, LLC ("LVNV"), as and for its Answer to the Complaint of

19 Iman Hatami ("Plaintiff") in the above-entitled matter, denies each and every allegation

20 contained therein, unless otherwise admitted or qualified herein.

21
                                         I.
22

23            **RESPONSES TO PLAINTIFF'S ALLEGATIONS**

24         1.     In response to Paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff

25 has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

26 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §

27 1788 *et seq.* ("RFDCPA"), but denies that it violated any law.

28

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

2.      In response to Paragraph 2 of Plaintiff's Complaint, LVNV admits that the referenced statutes reference jurisdiction, but denies that jurisdiction is appropriate as it has violated no law.  LVNV further denies that declaratory relief is available to Plaintiff.

3.      In response to Paragraph 3 of Plaintiff's Complaint, LVNV denies all allegations against it.  To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

4.      In response to Paragraph 4 of Plaintiff's Complaint, LVNV denies all allegations against it.  To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

5.      In response to Paragraph 5 of Plaintiff's Complaint, LVNV denies all allegations against it.  To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6.      In response to Paragraph 6 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7.      In response to Paragraph 7 of Plaintiff's Complaint, LVNV states that said paragraph makes no allegations against it and therefore no response is required by LVNV. To the extent a response is required, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

8.      In response to Paragraph 8 of Plaintiff's Complaint, LVNV states that said

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

1    paragraph makes no allegations against it and therefore no response is required by LVNV. To the

2    extent a response is required, LVNV has insufficient information and knowledge to admit or

3    deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his

4    strictest burden of proof.

5
         9.       In response to Paragraph 9 of Plaintiff's Complaint, LVNV, with the exception of

6
7    the address listed in regard to service upon it, denies all allegations.

8        10.      In response to Paragraph 10 of Plaintiff's Complaint, LVNV denies all allegations

9    against it. To all other extents, LVNV has insufficient information and knowledge to admit or

10   deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his

11   strictest burden of proof.

12
         11.      In response to Paragraph 11 of Plaintiff's Complaint, LVNV admits that Plaintiff

13
14   allegedly incurred a debt.  To all other extents, LVNV has insufficient information and

15   knowledge to either admit or deny the allegations and therefore denies the same and puts

16   Plaintiff to his strictest burden of proof.

17       12.      In response to Paragraph 12 of Plaintiff's Complaint, LVNV denies all allegations

18   against it. To all other extents, LVNV has insufficient information and knowledge to admit or

19
20   deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his

21   strictest burden of proof.

22       13.      In response to Paragraph 13 of Plaintiff's Complaint, LVNV denies all allegations

23   against it. To all other extents, LVNV has insufficient information and knowledge to admit or

24   deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his

25   strictest burden of proof.

26       14.      In response to Paragraph 14 of Plaintiff's Complaint, LVNV states that the date

27   on Exhibit 1 is May 7, 2007.  LVNV denies that the letter sought to collect any amount.

28

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

15.     In response to Paragraph 15 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

16.     In response to Paragraph 16 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

17.     In response to Paragraph 17 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

18.     In response to Paragraph 18 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

19.     In response to Paragraph 19 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

20.     In response to Paragraph 14 of Plaintiff's Complaint, LVNV states that the date on Exhibit 2 is May 10, 2007.  LVNV denies that the letter sought to collect any amount.

21.     In response to Paragraph 21 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

22.     In response to Paragraph 22 of Plaintiff's Complaint, LVNV denies all allegations

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

23.    In response to Paragraph 23 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

24.    In response to Paragraph 24 of Plaintiff's Complaint, LVNV denies all allegations pertaining to it. LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein against all other defendants and therefore denies the same and puts Plaintiff to his strictest burden of proof.

25.    In response to Paragraph 25 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

26.    In response to Paragraph 26 of Plaintiff's Complaint, LVNV denies all allegations against it. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof. LVNV further states that there is no indication that the Exhibit 3 was ever mailed to it, indicative of bad faith by Plaintiff.

27.    In response to Paragraph 27 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

28.    In response to Paragraph 28 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

1  his strictest burden of proof.

2      29.    In response to Paragraph 29 of Plaintiff's Complaint, LVNV denies all allegations

3  against it. To all other extents, LVNV has insufficient information and knowledge to either

4  admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

5  his strictest burden of proof.

6      30.    In response to Paragraph 30 of Plaintiff's Complaint, LVNV denies all allegations

7  against it. To all other extents, LVNV has insufficient information and knowledge to either

8  admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

9  his strictest burden of proof.

10      31.    In response to Paragraph 31 of Plaintiff's Complaint, LVNV denies all allegations

11  against it. To all other extents, LVNV has insufficient information and knowledge to either

12  admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

13  his strictest burden of proof.

14      32.    In response to Paragraph 32 of Plaintiff's Complaint, LVNV states that the date

15  on Exhibit 5 is October 3, 2007. LVNV denies that the letter sought to collect any amount.

16      33.    In response to Paragraph 33 of Plaintiff's Complaint, LVNV has insufficient

17  information and knowledge to either admit or deny the allegations set forth therein and therefore

18  denies the same and puts Plaintiff to his strictest burden of proof.

19      34.    In response to Paragraph 34 of Plaintiff's Complaint, LVNV denies all allegations

20  against it. To all other extents, LVNV has insufficient information and knowledge to either

21  admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

22  his strictest burden of proof.

23      35.    In response to Paragraph 35 of Plaintiff's Complaint, LVNV has insufficient

24  information and knowledge to either admit or deny the allegations set forth therein and therefore

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

1  denies the same and puts Plaintiff to his strictest burden of proof.

2      36.    In response to Paragraph 36 of Plaintiff's Complaint, LVNV denies all allegations

3  against it.  To all other extents, LVNV has insufficient information and knowledge to either

4  admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to

5  his strictest burden of proof.

6      37.    In response to Paragraph 37 of Plaintiff's Complaint, LVNV admits that Plaintiff

7  brings this matter alleging violations of the FDCPA, but denies that it violated any law.

8

9      38.    In response to Paragraph 38 of Plaintiff's Complaint, LVNV adopts by reference

10  paragraphs 1 through 37 of this Answer.

11      39.    In response to Paragraph 39 of Plaintiff's Complaint, LVNV has insufficient

12  information and knowledge to either admit or deny the allegations set forth therein and therefore

13  denies the same and puts Plaintiff to his strictest burden of proof.

14

15      40.    In response to Paragraph 40 of Plaintiff's Complaint, LVNV has insufficient

16  information and knowledge to either admit or deny the allegations set forth therein and therefore

17  denies the same and puts Plaintiff to his strictest burden of proof.

18      41.    In response to Paragraph 41 of Plaintiff's Complaint, LVNV has insufficient

19  information and knowledge to either admit or deny the allegations set forth therein and therefore

20  denies the same and puts Plaintiff to his strictest burden of proof.

21

22      42.    In response to Paragraph 42 of Plaintiff's Complaint, LVNV denies all allegations

23  against it.

24      43.    In response to Paragraph 43 of Plaintiff's Complaint, LVNV has insufficient

25  information and knowledge to either admit or deny the allegations set forth therein and therefore

26  denies the same and puts Plaintiff to his strictest burden of proof.

27      44.    In response to Paragraph 44 of Plaintiff's Complaint, and all its subparts, LVNV

28

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

45.    In response to Paragraph 45 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

46.    In response to Paragraph 46 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

47.    In response to Paragraph 47 of Plaintiff's Complaint, LVNV admits that Plaintiff brings this matter alleging violations of the RFDCPA, but denies that it violated any law.

48.    In response to Paragraph 48 of Plaintiff's Complaint, LVNV adopts by reference paragraphs 1 through 47 of this Answer.

49.    In response to Paragraph 49 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

50.    In response to Paragraph 50 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

51.    In response to Paragraph 51 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

52.    In response to Paragraph 52 of Plaintiff's Complaint, LVNV denies all allegations against it.

53.    In response to Paragraph 53 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

54.    In response to Paragraph 54 of Plaintiff's Complaint, and all its subparts, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

55.    In response to Paragraph 55 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

56.    In response to Paragraph 56 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

57.    In response to Paragraph 57 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

58.    In response to Paragraph 58 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

**ANSWER OF DEFENDANT LVNV FUNDING, LLC**
C08-02330 HRL

1   strictest burden of proof.

2       59.     In response to Paragraph 59 of Plaintiff's Complaint, LVNV denies that Plaintiff

3   is entitled to any remedy as it has violated no law.

## II.

### AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

#### SECOND DEFENSE

LVNV's actions have not been willful, to the extent that they violate California or federal law, which LVNV denies.

#### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

#### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

#### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of LVNV.

#### SIXTH DEFENSE

Plaintiff's action against LVNV is barred, in whole or in part, by the applicable statute(s) of limitations.

#### SEVENTH DEFENSE

Any damage to Plaintiff, which LVNV denies, is due to the acts or omissions of Plaintiff

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL

1  and/or third parties and LVNV is not liable for said acts, omissions or alleged damages.

2  <center>EIGHTH DEFENSE</center>

3  Plaintiff's claims are barred by the lack of proximate cause.

4  <center>NINTH DEFENSE</center>

5  Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

6  <center>TENTH DEFENSE</center>

7  Plaintiff's claims are barred by his lack of standing.

8  <center>ELEVENTH DEFENSE</center>

9  Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of

10  their contracts with his underlying creditors.

11  <center>TWELFTH DEFENSE</center>

12  Plaintiff's claims are barred by Plaintiff's unclean hands.

13  <center>THIRTEENTH DEFENSE</center>

14  Plaintiff's claims are barred by the doctrine of unjust enrichment.

15  <center>FOURTEENTH DEFENSE</center>

16  Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

17  <center>FIFTEENTH DEFENSE</center>

18  Plaintiff's claims are barred by the defense of in pari delicto.

19  <center>SIXTEENTH DEFENSE</center>

20  Upon information and belief, Plaintiff may be contractually obligated to arbitrate any

21  dispute, claim or controversy which arises out of the transaction that is the subject matter of the

22  instant litigation.

23  <center>SEVENTEENTH DEFENSE</center>

24  Plaintiff's claims are barred because the statements or acts attributed to LVNV, if made,

25  were privileged communication by interested parties, without malice, to interested persons who

26  requested the information.

27  <center>EIGHTEENTH DEFENSE</center>

28  Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

<center>11</center>

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1  sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code

2  sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error

3  notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NINTEENTH DEFENSE

5  Plaintiff suffered no damage from the alleged violations by LVNV and therefore is not

6  entitled to any award of damages, attorneys' fees or costs.

### TWENTIETH DEFENSE

8  LVNV was not a debt collector as defined under California or federal law, in regard to

9  the instant matter.

### TWENTYFIRST DEFENSE

11  All of LVNV's actions have been in accordance with California and federal debt

12  collection practices and consumer credit laws.

### TWENTYSECOND DEFENSE

14  LVNV may have additional defenses that cannot be articulated due to Plaintiff's failure

15  to particularize his claims, due to the fact that LVNV does not have copies of certain documents

16  bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information

17  concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges

18  that LVNV may share some responsibility.  LVNV therefore reserves the right to assert

19  additional defenses upon further particularization of Plaintiff's claims, upon examination of the

20  documents provided, upon discovery of further information concerning the alleged damage

21  claims and claims for costs, and upon the development of other pertinent information.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

12

KLINEDINST PC
801 K Street, Ste. 2800
Sacramento, California 95814

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## PRAYER FOR RELIEF

WHEREFORE, Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1.  Dismissing all causes of action against it with prejudice and on the merits;

2.  Awarding its reasonable costs and attorneys' fees; and

3.  Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: May 30, 2008             By:  /s/ Natalie P. Vance
                                     NATALIE P. VANCE
                                     Attorney for Defendants
                                     RESURGENT CAPITAL SERVICES, LP;
                                     ALEGIS GROUP, LLC; and LVNV
                                     FUNDING, LLC

634253v1

ANSWER OF DEFENDANT LVNV FUNDING, LLC
C08-02330 HRL